UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VENTURA UNIFORM SERVICES, INC. | CIVIL ACTION |
| VERSUS | NO. 06-7866 |
| UNITED FIRE AND CASUALTY COMPANY, ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Before the Court are the plaintiff Ventura Uniform Services, Inc's Motion for a New Trial, or in the alternative, Motion to Amend Judgment (Rec. Doc. 75) and the defendant United Fire & Casualty Company's Motion to Amend Judgment (Rec. Doc. 74).  For the following reasons, the plaintiff's motion is now DENIED and the defendant's motion is GRANTED.

**I.   BACKGROUND**

This insurance dispute arising from Hurricane Katrina was tried to a jury on April 7 and 8, 2008.  The plaintiff, Ventura Uniform Services, Inc., is a business located in Kenner, Louisiana that provides professional uniforms to its customers.  The plaintiff asserted claims against its insurance company, the defendant United Fire & Casualty Company, for breach of contract seeking additional payments under its insurance policy for alleged damages to its inventory of uniforms and for business interruption losses following Hurricane Katrina.  The plaintiff also sought bad-faith penalties under Louisiana law.

The jury returned a mixed verdict in this case.  First, the jury found that the plaintiff was not entitled to recover under its insurance policy for the alleged damage to its uniforms.  Second,

the jury found that the plaintiff was entitled to $38,148.45 under its insurance policy for business interruption losses. The jury also found that the defendant did not arbitrarily or capriciously fail to pay or offer in writing to settle the plaintiff's business interruption claim within <u>thirty</u> days of receiving satisfactory proof of loss and, thus, that bad-faith penalties were not due under Louisiana Revised Statute § 22:658. However, the jury did find that the defendant arbitrarily failed to pay the amount due on the plaintiff's business interruption claim within <u>sixty</u> days of receiving a satisfactory proof of loss and awarded the plaintiff $4,295 in actual damages suffered as a result of the defendant's failure to pay and an additional $4,295 in bad-faith penalties under Louisiana Revised Statute § 22:1220.[1]

## II.     PRESENT MOTIONS

The plaintiff has filed a motion for a new trial pursuant to Rule 59 of the *Federal Rules of Civil Procedure*. The plaintiff advances three arguments in support of its motion. First, the plaintiff argues that the jury's rejection of its claim for damage to its uniforms was against the weight of the evidence. Second, the plaintiff argues that the jury's refusal to award bad-faith penalties under § 22:658 is inconsistent with its decision to award bad-faith penalties under § 22:1220 because there is no way that an insurer can be arbitrary and capricious for more than sixty days without having been arbitrary and capricious for at least thirty days. Third, the plaintiff argues that the jury's award of bad-faith penalties under § 22:1220 in an amount less than $5,000 also justifies a new trial.

The defendant has also filed a post-trial motion in which it asks the Court to amend the

---

[1] It should be noted that $4,295 is equivalent to the annual premium for the plaintiff's business interruption insurance coverage. *See* Pl.'s Ex. 2.

Judgment to provide that interest on the award of bad-faith penalties runs from the date of the judgment, rather than from the date of judicial demand.

### III. LAW & ANALYSIS

#### A. Plaintiff's Motion for a New Trial

Rule 59 provides that a new trial may be granted "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E.D. La. Oct. 27, 2006).

First, the plaintiff argues that the jury's rejection of its claim for damage to its uniforms was against the weight of the evidence. The Court disagrees. Beyond Mr. Ventura's testimony, the plaintiff did not present any evidence that its uniforms had in fact been damaged. The plaintiff did not produce photographs of the allegedly damaged uniforms, nor did the plaintiff call any of its customers as witnesses, even though Mr. Ventura testified that some of his customers had informed him that the uniforms were damaged. But even assuming that the jury found that the uniforms had been damaged based solely on Mr. Ventura's testimony, the jury nevertheless could have found that such damage was either excluded under the policy or was the result of an uncovered cause. Accordingly, the Court finds that the jury's rejection of this claim

was not against the weight of the evidence and that a new trial is not warranted on this ground.[2]

Second, the plaintiff argues that the jury's refusal to award bad-faith penalties under § 22:658 is inconsistent with its decision to award bad-faith penalties under § 22:1220 because an insurer cannot be arbitrary and capricious for more than sixty days without having been arbitrary and capricious for at least thirty days.  Again, the Court disagrees.  "The conduct prohibited in [§ 22:658] is virtually identical to the conduct prohibited in [§ 22:1220]: the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause.  The primary difference is the time periods allowed for payment."  *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107 (La. 10/21/03), 857 So. 2d 1012, 1020 (internal citation omitted).

The jury's bad-faith findings in the instant case are not inconsistent, but merely reveal the jury's feeling that although the defendant's failure to pay the business interruption claim within thirty days of receiving a satisfactory proof of loss was not arbitrary or capricious, the defendant's failure to pay this claim became arbitrary sometime after the thirty-day mark.  The evidence clearly supports such a conclusion.  The defendant hired an independent adjuster, Wayne Peck, to adjust the plaintiff's claim.  Mr. Peck was not able to visit the plaintiff's business in person until October 4, 2005, and did not complete his initial report until December

---

[2] In its motion, the plaintiff also asks the Court to grant judgment as a matter of law on the uniform claim.  Judgment as a matter of law is appropriate with respect to a given issue if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue."  Fed. R. Civ. P. 50(a)(1).  "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict."  *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004).  For the reasons expressed above, the Court also finds that judgment as a matter of law on this claim is unwarranted.

9, 2005.  Mr. Peck then submitted an updated report on January 28, 2006, which recommended, among other things, that the plaintiff be paid $38,148.45 on its business interruption claim, the very amount awarded by the jury.  *See* Pl.'s Ex. 5.  Mr. Peck testified that the delay in adjusting the plaintiff's claim was caused in part by the effects of the storm on his own business and on the large volume of claims he was adjusting.  It would not be unreasonable for the jury to have concluded that, in light of these justifiable delays, the defendant's failure to pay the business interruption claim did not become arbitrary or capricious until sometime after the thirty-day window proscribed by § 22:658 had passed.  *See, e.g., Talton v. USAA Cas. Ins. Co.*, 06-1513 & 07-1414 (La. App. 4. Cir. 3/19/08), ___ So. 2d ___, 2008 WL 795022, at *9-10 (noting that an adjuster's post-Katrina delay was caused "by the number of cases he was handling, the massive amount of destruction, and the complexity of the appellants' claim" and concluding that the jury's finding that the delay in payment was not arbitrary was "justified and reasonable").  Accordingly, the Court finds that the jury's verdict with respect to the bad-faith statutes in this case is not inconsistent and does not justify a new trial.

Third, the plaintiff argues that the jury's award of bad-faith penalties under § 22:1220 in an amount less than $5,000 also justifies a new trial.  Section 22:1220 provides that "the claimant may be awarded penalties . . . in an amount *not to exceed* two times the damages sustained or five thousand dollars, whichever is greater."  La. Rev. Stat. Ann. § 22:1220 (emphasis added).  A recent decision from the Louisiana Fifth Circuit Court of Appeal reveals that the plaintiff's belief that a penalty under § 22:1220 cannot be less than $5,000 is misguided:

> The statute clearly provides a mandatory maximum, limiting an award to an amount of twice the damages or $5,000, whichever is greater.  However, we find no mandatory minimum penalty amount in the statute.  The amount of the penalty, provided it is not over the statutory maximum, is a matter of the trial court's

discretion based on the facts of the case.

*Adams v. Stratton*, 02-224 (La. App. 5 Cir. 10/16/02), 831 So. 2d 290, 292.

The plaintiff's reliance on *Sultana Corp. v. Jewelers Mutual Insurance Co.*, 03-360 (La. 12/3/03), 860 So. 2d 1112, is also misplaced. *Sultana* merely held that "[r]equiring the insured or claimant to prove general or special damages as a prerequisite to the award of penalties [under § 22:1220] . . . interjects a requirement not provided in the statute." *Id.* at 1119. Thus, when such damages are not proven, the plaintiff may still recover penalties and the statutory maximum becomes $5,000 (because two times zero is zero, which is less than $5,000). In the instant case, the jury found that the plaintiff suffered $4,295 in actual damages as a result of the defendant's failure to pay and, thus, the maximum statutory penalty under § 22:1220 in this case is twice this amount—$8,590. But as *Adams* explained, juries have discretion to award any amount up to the applicable maximum penalty. The jury exercised its discretion in this case and awarded an additional $4,295 in penalties, an amount equal to the damages sustained. Accordingly, the Court finds that a new trial is not warranted on this ground.

>   B.   **Defendant's Motion to Amend the Judgment**

The defendant asks the Court to amend the Judgment to provide that interest on the award of bad-faith penalties runs from the date of judgment, rather than from the date of judicial demand. In light of the Supreme Court of Louisiana's recent decision in the *Sher* case, which came down on the last day of trial in the instant matter, the Court finds that the defendant's requested amendment is appropriate. *See Sher v. Lafayette Ins. Co.*, 07-2441 (La. 4/8/08), ___ So. 2d ___, 2008 WL 928486, at *14 ("[T]he penalties imposed on insurers become due only after the date of their award, and interest on such penalties is due only from the date of

judgment.").

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the plaintiff Ventura Uniform Services, Inc's Motion for a New Trial, or in the alternative, Motion to Amend Judgment (Rec. Doc. 75) is DENIED.  IT IS FURTHER ORDERED that the defendant United Fire & Casualty Company's Motion to Amend Judgment (Rec. Doc. 74) is GRANTED.  An appropriate Amended Judgment will follow.

New Orleans, Louisiana, this 27th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE